# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 2925 | **DATE** | MAY 30 2000 |
| **CASE TITLE** | Lawrence Smith v. Clinton | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., Plaintiff, defendant, 3rd party Plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due _____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] MEMORANDUM OPINION AND ORDER. Plaintiff has filed this case without payment of the filing fee, and without payment of all past filing fees owed to this court. He has already struck out pursuant to 28 U.S.C.§ 1915(g). The case is dismissed as frivolous pursuant to 28 U.S.C.§ 28 U.S.C.§1915A. It is also duplicative of numerous previous filings of Plaintiff. This Plaintiff is referred to the Executive Committee for consideration of imposing a regulatory injunction barring him from future civil damage actions until all outstanding fees are paid. If a barring order is entered, future documents from Plaintiff will be returned unfiled. *See Support Systems Intern., Inc. v. Mack,* 45 F. 3d 185 (7th Cir. 1995). For further details, see order attached.

| | |
|---|---|
| | No notices required, advised in open court. |
| | No notices required. |
| | Notices mailed by judge's staff. |
| | Notified counsel by telephone. |
| ✓ | Docketing to mail notices. |
| ✓ | Mail AO 450 form. |
| | Copy to judge/magistrate judge. |

STE / courtroom deputy's initials

Date/time received in central Clerk's Office

date docketed JUN 05 2000
date mailed notice JUN 05 2000

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| LAWRENCE SMITH | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 00 C 2925 |
| BILL CLINTON, ET AL. | ) ) ) | |
| Defendants. | ) | Judge BLANCHE M. MANNING |

## MEMORANDUM OPINION AND ORDER

The court finds that Plaintiff, Lawrence Smith, is now civilly committed to Chester Mental Health Center. Until recently he was a prisoner at Dixon Correctional Center. As a prisoner he struck out, filing three or more complaints in the federal court which were dismissed for being frivolous or for failure to state a claim, pursuant to 28 U.S.C.§ 1915(g). Now that he is no longer a prisoner, he nevertheless continues to file duplicative frivolous suits.

Under 28 U.S.C.§1915A, the court is directed to dismiss a suit at any time if the court determines that it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. In this case, similar to many other filings by this Plaintiff, he sues President Clinton, Al Gore, Janet Reno, Scott Lassar, "Chief Judge at the Daley Center," Jim Ryan, Stephen Hardy, Frank Derickson and George Ryan. He claims that U.S. law enforcement is talking to him, monitoring his thoughts, through a laser from the U.S. law enforcement "anti-satellite." This

1

is a common theme in most of his lawsuits. He also adds that Scott Lassar should not retry Miriam Santos, and that the death penalty is unlawful, neither of which the court need address. According to *Denton v. Hernandez,* 504 U.S. 25,26 (1992), a factual frivolousness finding is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them. The court finds that these allegations are factually frivolous and dismisses this suit pursuant to 28 U.S.C.§ 28 U.S.C.§1915A.

A review of his past filings indicates that he has filed 27 lawsuits, 22 of which were civil rights actions, all found to be frivolous, and 5 of which were habeas actions. Of these cases, the following have already been counted as strikes: *Smith v. Washington,* 97-176 PER (S.D. Il.) dismissed 6/30/98; *Smith v. Edgar,*97-221-WDS (S.D. Il.) dismissed 6/25/97; *Smith v. Hartwig,* 97-175-PER (S.D. Il.) dismissed 6/25/97; *Smith v. Clinton,* 00 C 166 (N.D. Il.) dismissed 2/4/00. The court notes that all of the other civil rights actions dismissed as frivolous could also be counted as strikes. Further, he has filed at least seven additional cases after having been told that he struck out, in which he sought pauper status and failed to inform the court that he had struck out, committing a fraud upon the court. *Sloan v. Lesza,* 181 F.3d 857,859 (7th Cir. 1999).(*See* 00 C 166, 00 C 1141,00 C 1228, 00 C 1443, 00 C 1860, 00 C 1908, 00 C 50136). A listing of all other past cases filed and dismissed as frivolous includes: 95 C 2565; 95 C 3009; 95 C 3486; 95 C 3760; 95 C 3761; 95 C 6433; 95 C 6991; 98 C 8330; 00 C 1647; 00 C 2925; 00 C 3077. This list does not include any habeas cases.(The habeas cases have all been dismissed for failure to exhaust state court remedies.) The court notes that Plaintiff has filed no fewer than 16 cases this year alone. It is time for

this court to take further action to curb Plaintiff's unending propensity for filing frivolous and now fraudulent lawsuits. Although Plaintiff, now in a mental hospital, is no longer subject to the Prison Litigation Reform Act, nevertheless, his change in status does not absolve him of all of his court debts. It is time to put a stop to these frivolous, repetitious cases which waste the court's scarce judicial resources. A pattern of groundless and vexatious litigation, coupled with failure to pay required filing fees from past cases, justifies an order placing restrictions on further filings. *Cross v. Pelican Bay State Prison*, 526 U.S. 811, 812(1999)(citing *Martin v. District of Columbia Court of Appeals*, 506 U.S. 1, (1992) (per curiam));*Antonelli v. Caridine,*120 S.Ct.4 (1999); *In re Eileen Bey,*520 U.S. 303 (1997)  *Support Systems Intern.,Inc. v. Mack,* 45 F. 3d 185, 186-87 (7th Cir. 1995).

Having continued to file complaints in violation of the statutory filing requirements, the court refers Plaintiff to the Executive Committee of this court for consideration of imposing a regulatory injunction barring him from all future civil rights filings, until all outstanding filing fees are paid. *Support Systems Intern.,Inc. v. Mack,* 45 F. 3d 185, 186-87 (7th Cir. 1995). If a barring order is entered, then Plaintiff's future documents submitted to the court will be returned unfiled. *Id*. Further, Plaintiff remains liable for payment of the outstanding filing fees in the above listed cases in which the dismissal order postdates the effective date of the Prison Litigation Reform Act.(April 26, 1996).

## CONCLUSION

Accordingly, this case is dismissed as frivolous. Plaintiff remains obligated to pay the

3

outstanding filing fees that he has accumulated with this court. Finally, this Plaintiff is referred to the Executive Committee of this court for consideration of an injunction enjoining Smith from filing any further civil damage actions, until all of his court filing fees are paid.

ENTER:

*[signature: Blanche M. Manning]*

BLANCHE M. MANNING
UNITED STATES DISTRICT COURT

DATED: **MAY 3 0 2000**